# CARL RASMUSSEN v. J. E. McCOMB.[1]

April 7, 1922.

No. 22,727.

**New trial for insufficiency of evidence to support verdict.**

Action for purchase price of two cars of "good country mixed" scrap iron. Verdict for $723. Defendant's motion for new trial denied. *Held*: The jury could have found either way, hence the trial court correctly refused to set aside the verdict for insufficiency of evidence [Reporter].

Action in the district court for Redwood county to recover $797.48, the purchase price of two carloads of scrap iron, less the freight paid by defendant. Defendant set up a counterclaim for breach of contract and offered judgment for $83.60 and no more. The case was tried before Olsen, J., and a jury which returned a verdict for $723.53. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William R. Mitchell,* for appellant.

*Albert H. Enersen,* for respondent.

PER CURIAM.

Appeal from an order denying a motion for a new trial in an action brought to recover the purchase price of two carloads of scrap iron.

On October 12, 1920, plaintiff and defendant entered into the following contract:

[1]Reported in 187 N. W. 513.

"Carl Rasmussen agrees to sell and J. E. McComb, Walnut Grove, Minn. agrees to buy the following: Two (2) carloads good country mixed iron, free from sheet iron, ranges and uncut boilers. This iron not to be skinned. Fifteen dollars ($15.00) per net ton f. o. b. Walnut Grove, Minn. To be delivered within thirty days from date. Settlement to be made when cars are unloaded.

(Signed)  "J. E. McComb,

(Buyer)

(Signed)  "Carl Rasmussen,

(Seller.)"

The first carload was shipped on October 22, and the second on November 6, and each car was unloaded by defendant within a few days after the shipments were made. The total weight of the iron was 52.65 tons. Defendant paid the freight charges, amounting to $88.66. In his answer he alleged that the first carload of iron was not of the grade required by the contract; that he notified plaintiff he would not accept it in fulfilment of the contract; that plaintiff promised that the second carload would be of the required grade; that it was not; that the reasonable value of both carloads, after deducting the freight, was $281.12, and that he had sent his check for that amount to the plaintiff. The evidence in his behalf tended to support these allegations. Plaintiff's evidence was of a contradictory nature. The jury returned a verdict in plaintiff's favor for $723.53. We are asked to grant a new trial on the ground that the evidence wholly failed to show that plaintiff delivered good country mixed iron as required by the contract. The claim is that much of the cast iron, which is the most valuable, had been removed and that the remainder was what is known as "skinned iron." It would serve no useful purpose to set out the evidence bearing on this question. We have examined it carefully. The jury could have found either way, hence the trial court correctly refused to set aside the verdict for insufficiency of the evidence.

There was no error in the exclusion of evidence of a conversation between the parties when the contract was made with respect to what was good country mixed iron.

Order affirmed.